UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SERGEI KISHCHENKO, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:19-CV-922 RLW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Sergei Kishchenko's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 1), that asserts one ground of ineffective assistance of counsel.[1] The United States filed a Response in Opposition to the § 2255 Motion (ECF No. 8). Movant did not file a Reply in support. This matter is fully briefed and ready for decision. For the following reasons, Movant's § 2255 Motion will be dismissed without an evidentiary hearing.

**I.  Procedural Background**

On February 23, 2018, Movant waived indictment and pleaded guilty to a two-count superseding criminal information. (ECF Nos. 623, 624). Count One charged Conspiracy to Commit Offenses Against the United States to wit: Transport, Receive, Possess, Distribute, Sell, or Purchase Contraband Cigarettes, in violation of 18 U.S.C. § 2342(a) and 18 U.S.C. § 2344(a), and conducting financial transactions with the intent to promote and conceal the proceeds of an specified unlawful activity, all in violation of 18 U.S.C. § 371. Count Two charged Aiding and Abetting a Conspiracy to Transport, Receive, Possess, Distribute, Sell, or Purchase Contraband

---

[1] Movant filed a Supplement to his § 2255 Motion (ECF No. 9), but subsequently moved to dismiss the claim asserted therein without prejudice (ECF No. 11). This Court granted Movant's motion to dismiss by Order of July 22, 2020 (ECF No. 12).

Cigarettes, in violation of 18 U.S.C. § 2342(a) and 18 U.S.C. § 2344(a), and 18 U.S.C. § 2. (ECF No. 623). The Court accepted Movant's guilty pleas following a detailed plea colloquy.

At sentencing on May 22, 2018, the Court determined that the applicable sentencing guidelines called for 87 to 108 months in prison. The Presentence Investigation Report ("PSR") stated in pertinent part: "Statutory Provisions: Pursuant to 18 U.S.C. § 3663A, restitution in the total amount of $11,056,500 shall be ordered in this case. Restitution, as set forth below, is due and owing to New York State, Department of Taxation and Finance." (PSR, ECF No. 796 at 22, ¶ 104.) It further stated, "Guideline Provisions: Restitution shall be ordered. USSG §5E1.1." (Id., ¶ 105.) Neither party objected to the guidelines calculation or the restitution amount in the Presentence Investigation report. The Court varied downward and sentenced Movant to a 60-month term of imprisonment for each count, the terms to be served concurrently, and ordered Movant to pay restitution of $11,056,500 to the New York State Department of Taxation and Finance (Amended Judgment, ECF No. 832 at 2, 6.)  The Judgment also provide as to restitution:

> This obligation is joint and several with [co-Defendants] Yakov Pisman, Oleksandr Zyur, Max Tkach, Oleg Deych, Svetlana Kishchenko, Volodymyr Zyuz, Mykhalo Zyuz, Aleksandr Arbitman, Oleg Godko, Jacob Sheyn, Vyacheslav Gershanovich, Inessa Vatman, and Roman Karapchuk, meaning that no further payments shall be required after the sum of the amounts actually paid by all defendants has fully covered the compensable injuries. Payments of restitution shall be made to the Clerk of the Court for transfer to the victims. The interest requirement for the restitution is waived.

(ECF No. 832 at 7.)

Movant timely filed the instant Motion to Vacate, Set Aside or Correct his sentence under 18 U.S.C. § 2255 on April 12, 2019.

## II. Grounds Raised

Movant asserts a claim of ineffective assistance of counsel for "failure to have a loss hearing" and "improper calculation of loss and sentence," as follows:

> My Attorney and law firm were paid $50,000 as a flat fee to take all steps to protect my interests and assert my defense rights. At all times I instructed my Attorney that the LOSS as calculated by the Govt. was completely wrong and to do whatever could be done to be certain it was corrected by time of sentencing, have a LOSS HEARING OR GO TO TRIAL ON JUST THE LOSS amount, and to make sure any plea bargain included this protection and provision to correct or challenge the LOSS wherein I could easily put on the evidence. My sentence is grossly incorrect, no hearing or challenge to the LOSS was ever mounted by Counsel, and SEE EXHIBIT A FOR FURTHER SUPPORTING FACTS.

(ECF No. 1 at 4.)

Exhibit A is a letter Movant wrote to his attorneys dated January 29, 2019, approximately eight months after his sentencing, "asking them to explain why they were not grossly negligent and 'ineffective.'" (ECF No. 1-1 at 1.)  The letter states:

> Dear Mr. Johnson and Rosenbloom [sic]:
>
> I am considering filing a habeus [sic] corpus petition against you.  If you do not reply, I will assume my beliefs about your 'ineffective' services as [sic] truth.  If you do explain, I welcome that.
>
> 1. Why is my restitution $11,056,500 and 'joint and several'?  I only profited $486,000 in this case.  I am confused, please explain.
>
> 2. I was only buying and shipping cigarettes – that is it.  I never distributed or sold them at retail – and never triggered NY tax.  Therefore, paragraph 6 of my indictment is flatly wrong. I never 'sold' cigarettes. I only moved them. I never repackaged cigarettes (para. 15) and the indictment says only 1,669 cartons. How is the $11,056.500 calculated under the law?
>
> 3. Why didn't you defend on 1. and 2. above, or, at a minimum request a 'loss hearing' where we could prove 1. and 2. and these points?

(ECF No. 1-1 at 2.)

### III. Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To warrant

3

relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

To prove ineffective assistance of counsel, a defendant must demonstrate both that (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) he was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689. If a defendant can meet the first part of the Strickland test, he must still show that counsel's deficient performance prejudiced him. "Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result would have been different." Jackson v. United States, 956 F.3d 1001, 1006 (8th Cir. 2020) (quoted case omitted).

Generally, to establish prejudice where a defendant has entered a guilty plea, "the petitioner must show 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" United States v. Frausto, 754 F.3d 640, 643 (8th Cir. 2014) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Here, Movant Hill makes no assertion that but for his counsel's alleged errors, he would not have entered a guilty plea. Instead, he requests resentencing "within the correct guideline range without of [sic] the application of career offender guideline," asserting that but for counsel's errors, he would have received a lower guidelines range and a lower sentence. (ECF No. 1 at 12).

In some circumstances, a defendant who pleads guilty may establish prejudice under the second Strickland factor by showing he would have received a lesser sentence absent his counsel's ineffective assistance. The Eighth Circuit has held that "[t]he "Strickland factors apply to claims arising from plea negotiations and the second prong is satisfied if accepting a plea offer would

4

have resulted in a lesser sentence." Love v. United States, 949 F.3d 406, 409 (8th Cir. 2020) (cited cases omitted).  And under certain circumstances, a defendant may "show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance," by demonstrating among other things a "reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." Missouri v. Frye, 566 U.S. 134, 147 (2012) (citing Glover v. United States, 531 U.S. 198, 203 (2001) ("[A]ny amount of [additional] jail time has Sixth Amendment significance")); see Whittaker v. United States, 2014 WL 7335168, at *3 (E.D. Mo. Dec. 19, 2014) (citing Missouri v. Frye; holding movant could show prejudice on ineffective assistance claim for failure to object to use of prior convictions for armed career criminal status, if the end result would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time); see also Griffith v. United States, 871 F.3d 1321, 1336-39 & n.14 (11th Cir. 2017) (holding a § 2255 movant may establish prejudice by showing the district court relied on an incorrect, higher guidelines range, and that nothing else in the record indicates he would have received the same sentence anyway; citing Molina–Martinez v. United States, 136 S. Ct. 1338, 1347 (2016)).

"'Surmounting Strickland's high bar is never an easy task,' Padilla v. Kentucky, 559 U.S. 356, 371 (2010), and the strong societal interest in finality has 'special force with respect to convictions based on guilty pleas.' United States v. Timmreck, 441 U.S. 780, 784 (1979)." Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Judges should . . . look to contemporaneous evidence to substantiate a defendant's expressed preferences." Id.

"A § 2255 motion 'can be dismissed without a hearing if (1) the [movant]'s allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather

5

than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

## IV. Discussion

### A. Movant's Claim Concerning Loss/Restitution Amount is not Cognizable

Movant asserts that his counsel was ineffective for "failure to have a loss hearing" and "improper calculation of loss and sentence" because the "loss as calculated by the Govt. was completely wrong" and his "sentence is grossly incorrect." (ECF No. 1 at 4.) This claim is vague and conclusory. To the extent it is fleshed out by the post-sentencing letter to his attorneys attached as an exhibit to the § 2255 Motion, Movant's claim appears to focus on his counsel's "failure to defend" with respect to the amount of restitution ordered by the Court as part of the Judgment, which represented the calculated tax loss to the State of New York as a result of Defendant's offense conduct.

Section 2255(a) allows "[a] prisoner in custody . . . claiming the right to be released" to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphasis added). Movant alleges ineffective assistance of his counsel with respect to their failure to request a loss hearing, to challenge the loss calculation in any way, or to "defend the loss." Because a dispute about restitution does not involve a claim of a right to be released from custody, a prisoner cannot challenge the restitution portion of his sentence under § 2255. United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003). This principle applies to a claim of ineffective assistance of counsel concerning restitution issues and as a result such a claim is not cognizable under § 2255. Shephard v. United States, 735 F.3d 797, 798 (8th Cir. 2013) (per curiam) (even if a federal prisoner could demonstrate his counsel was ineffective for failing to question the amount of a restitution order, the analysis remains the same as in Bernard because the prisoner is not claiming a right to be released from custody).

6

As a result, Movant's claim of ineffective assistance of counsel based on a failure to challenge the amount of the tax loss/restitution, or to request a hearing on the amount of the loss, is not cognizable in this action under 28 U.S.C. § 2255 and will be dismissed.

### B.  Any Challenge to Movant's Sentence is Moot

To the extent Movant's claim in Ground One can properly be liberally construed to assert that he received a longer sentence of imprisonment because of his attorneys' failure to challenge the amount of the tax loss, the claim is moot. Movant was released from the custody of the Federal Bureau of Prisons on October 18, 2021.[2] Even if the Court were to rule in Kishchenko's favor, such a ruling would have no effect. There is no possible remedy available to shorten a term of imprisonment that Kishchenko has completed serving, and he does not challenge the supervised release term. Kishchenko does not show a collateral consequence of the conviction and therefore his § 2255 motion is now moot. See Giese v. United States, 853 F. App'x 46, 47 (8th Cir. 2021) (dismissing as moot appeal from denial of motion to vacate sentence under § 2255, where the movant had been released from prison and his § 2255 motion alleged only ineffective assistance of counsel for failing to seek a downward departure); see also Owen v. United States, 930 F.3d 989, 990 (8th Cir. 2019) (holding that release will moot a § 2255 motion when the petitioner "challenge[s] only his term of imprisonment" and not "the term of supervised release").

### V.  Conclusion

For the foregoing reasons, the Court concludes that Movant Sergei Kishchenko's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence should be denied in all respects without an evidentiary hearing.

---

[2] Federal Bureau of Prisons, inmate locator, https://www.bop.gov/inmateloc/ (last visited August 30, 2022).

Accordingly,

**IT IS HEREBY ORDERED** that Sergei Kishchenko's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 1), is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in Sergei Kishchenko's § 2255 Motion.  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Miller-El v. Cockrell, 537 U.S. 322, 342 (2003).

A separate judgment will accompany this Memorandum and Order.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 31st day of August, 2022.